UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AISHA MCCOY,

                                  Petitioner,

v.

PHILIP POVERO,

                                  Respondent.
_____

Case # 15-CV-6237-FPG

DECISION AND ORDER

## INTRODUCTION

Petitioner Aisha[1] McCoy ("Petitioner"), represented by counsel, has filed this Petition for a Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254, alleging that her conviction in Geneva City Court was unlawfully obtained. ECF No. 1. Respondent Philip Povero, the Sheriff of Ontario County, has moved to dismiss the Petition on the grounds that this Court lacks subject matter jurisdiction over the action because the Petitioner was not "in custody" at the time the Petition was filed. ECF No. 6. Because Petitioner completed her sentence and was released from custody almost two years before her Petition was filed, this Court indeed lacks subject matter jurisdiction over the matter. Respondent's Motion to Dismiss is therefore granted, and the Petition is dismissed.

## DISCUSSION

A district court may properly dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate" the matter. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). A plaintiff has the burden of proving by a preponderance of the evidence that subject

---

[1] The Petitioner is named as Alisha McCoy in her Petition. Subsequent documents, including court and jail records, as well as her own attorney's later filings refer to Petitioner as Aisha McCoy, which the Court understands to be the Petitioner's true name. The Clerk of Court shall change the caption of this case accordingly.

matter jurisdiction exists. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

28 U.S.C. § 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added.) By the plain terms of the statute, the Petitioner must be "in custody" in order to invoke this Court's habeas jurisdiction. As the Supreme Court has explained, the requirement of being "in custody"

> is required not only by the repeated references in the statute but also by the history of the great writ. Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person.

*Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (internal citations omitted.)

In this case, there is no dispute that Petitioner was not "in custody" at the time her Petition was filed. Petitioner served eight weekends in jail and was released from custody on May 12, 2013, with no probationary or parole supervision period to follow.[2] On April 21, 2015, almost two years later, she filed this Petition. ECF No. 1. To avoid this timing problem, Petitioner argues that her Petition may proceed under an exception to the mootness doctrine, because she alleges that the action she is challenging by way of her Petition is "capable of repetition, yet evading review." ECF No. 9, at 7. Respondent disagrees, and argues that the

---

[2] Although the Petition states that the sentence imposed was "3 years probation with weekends in jail," ECF No. 1, subsequent submissions from both parties confirm that statement was in error. Documents from the Ontario County Probation Department (ECF No. 6-1, Exh. C) and from the Jail Division of the Ontario County Sheriff's Department (ECF No. 6-1, Exh. D) reflect a sentence of 8 weekends in jail. In her reply brief, Petitioner has tacitly corrected the earlier typographical error. *See* ECF No. 9, at 2. ("Petitioner, Aisha McCoy was sentenced to and served concurrent sentences of eight (8) weekends in jail for resisting arrest, eight (8) weekends in jail for endangering the welfare of a child, and three (3) weekends of jail for disorderly conduct.).

mootness doctrine is not relevant to the jurisdictional issue presented by the Motion to Dismiss. *See* ECF No. 13.

Under Article III of the Constitution, federal courts only have jurisdiction over matters that present live cases or controversies. *ABC Inc. v. Stewart,* 360 F.3d 90, 97 (2d Cir. 2004). "In general, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Comer v. Cisneros,* 37 F.3d 775, 798 (2d Cir. 1994) (quoting *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979)). Thus, "under the mootness doctrine, 'if an event occurs . . . that makes it impossible for the court to grant any effectual relief whatever to a prevailing party,' [the court] must dismiss the case, rather than issue an advisory opinion." *ABC, Inc.,* 360 F.3d at 97 (quoting *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992)).

There are several exceptions to the mootness doctrine, including where the dispute is "capable of repetition, yet evading review." A case falls within this exception "where (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Davis v. Federal Elec. Comm'n* 554 U.S. 724, 735 (2008); *ABC, Inc.,* 360 F.3d at 97 (alterations and citation omitted). A dispute evades review "if it could not be entirely litigated before again becoming moot, including prosecution of appeals as far as the Supreme Court." *Russman v. Board of Educ. of Enlarged City Sch. Dist. of City of Watervliet,* 260 F.3d 114, 119 (2d Cir. 2001).

The problem with Petitioner's argument is that it attempts to substitute elements of the mootness doctrine for the jurisdictional requirement that the Petitioner be "in custody" at the time her Petition is filed. That attempt misapprehends the law. In order to invoke an exception to the mootness doctrine, Petitioner first needed to satisfy the jurisdictional requirement of the

statute by filing her Petition while she was "in custody." For example, if Petitioner had filed her Petition while she was in custody, was later released from custody, and was then faced with a motion to dismiss on mootness grounds, Petitioner would then be in a position to potentially raise the "capable of repetition, yet evading review" exception to demonstrate that a live case or controversy continues to exist despite her release from custody. But again, application of that doctrine and its exceptions only come into play if the Petitioner first satisfied the jurisdictional requirement of filing the Petition while she was "in custody." That did not occur in this case. Instead, Petitioner was released from custody almost two years prior to filing her Petition, and she therefore fails the jurisdictional requirement of being "in custody" at the time her Petition was filed.

Since Petitioner was not "in custody" at the time she filed her Petition, this Court lacks jurisdiction to entertain the challenge to her state court conviction, and the Petition must be dismissed. *See, e.g., Vega v. Schneiderman,* No. 12 CIV. 6994(PGG)(KNF), 2014 WL 1100208, at *5 (S.D.N.Y. Feb. 24, 2014) ("Since [petitioner] was no longer in custody after her sentence expired on September 20, 2011, and she filed the instant petition in September 2012, she does not meet the jurisdictional requirement that she be 'in custody' at the time of filing the petition.")

## CONCLUSION

Respondent's Motion to Dismiss (ECF No. 6) is GRANTED and the Petition (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: March 22, 2016
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

4